Submitted on briefs December 2; reversed December 13, 1938

# STATE *v.* TERRY

(85 P. (2d) 354)

George P. Winslow, of Tillamook, for appellant.
W. A. McMinimee, of Tillamook, for respondent.

BEAN, C. J. The charging part of the information against defendant is as follows:

"The said M. R. Terry on the 16th day of August, A. D. 1937, in the said County of Tillamook and State of Oregon, then and there being and then and there being the owner, operator, manager and person in charge of certain tourists' cottages in said county and state, aforesaid, and he, the said M. R. Terry, then and there being, did then and there willfully and unlawfully establish, operate and maintain tourists' cottages, to-wit: rent to tourists on an overnight basis, tourists' cottages without being authorized so to do by an effective certificate of inspection issued by the State Board of Health, contrary to the statutes," etc.

Defendant's demurrer to the information was overruled; thereupon he entered a plea of not guilty. The case was tried and submitted to the trial court upon stipulated facts, as follows:

"1. That the defendant, M. R. Terry, has been for many years and now is the owner and operator of furnished tourist cottages in Tillamook County, Oregon.

"2. That said defendant's cottages are rented mainly on a weekly and monthly basis to vacationists and tourists, but said defendant does rent said cottages on an overnight basis when the same are not occupied by tourists and vacationists on a weekly or monthly basis.

"3. That on the 16th day of August, 1937, the defendant, M. R. Terry, did operate and rent two of his said furnished tourist cottages on an overnight rental basis."

There is a further statement in regard to defendant's claim; as to the manner of construction of the cottages, and in regard to costs.

Chapter 57, Oregon Laws, special session, 1935, was twice amended by the thirty-ninth regular session of

the legislative assembly in 1937. Chapter 336, Oregon Laws 1937, was approved by the governor March 10, 1937, and filed in the office of the secretary of state on the same date. This chapter merely amended section 1 of chapter 57, Oregon Laws, special session, 1935. Chapter 383, Oregon Laws 1937, which was approved by the governor on March 11, 1937, and filed in the office of the secretary of state on the same date, amends sections 1, 4, 14 and 15 of chapter 57, Oregon Laws, special session, 1935.

Section 2 of chapter 57, Oregon Laws, special session, 1935, which we do not find amended, provides as follows:

"It shall be unlawful for any city, county, city and county, village, community, institution, person, persons, firm or corporation to establish, operate or maintain a tourists' campground, tourists' cottages or tourists' cabins, except when authorized so to do by an effective certificate of inspection duly issued by the state board of health."

Section 1 of chapter 383, Oregon Laws 1937, reads:

"Sec. 1. The term 'tourists' campgrounds,' when used in this act, shall include and mean any tract or parcel of land owned, maintained or used for the rental or furnishing for hire of space for any camp car or for public camping; the term 'tourists,' when used in this act, shall include and mean persons traveling, going from place to place or sojourning temporarily at any place; the term 'tourists' cottages,' when used in this act, shall include every cottage rented on an overnight basis to tourists; the term 'tourists' cabins,' when used in this act, shall include every cabin rented on an overnight basis to tourists; * * *"

■ It will be seen that the offense charged in the information is the maintaining and renting to tourists, on an overnight basis, tourists' cottages without being

authorized so to do by an effective certificate of inspection. It is incumbent upon the state to prove the material allegations of the information. The proof submitted is by stipulation. It is stipulated that on August 16, 1937, the defendant did operate and rent two of his said furnished tourists' cottages on an overnight rental basis, but it nowhere appears that he rented such cottages to tourists. For aught that appears in the stipulation he may have rented them to a near neighbor, who was not a tourist and was not a traveler and did not come within the description of a tourist in the act referred to.

■ In order to offend against the statute it is necessary for the defendant to rent a cottage to tourists or persons traveling, going from place to place or sojourning temporarily at any place. It seems to be the plan of the statute that where tourists' cottages are rented to tourists on an overnight basis, it is necessary to have an inspection for the reason that they are strangers and temporarily sojourning.

In paragraph 2 of the stipulation there is a statement that the defendant rents cottages on an overnight basis when same are not occupied by tourists and vacationists, but this is not the portion of the stipulation relied upon by the state, and it does not show by stipulation, as to such renting in paragraph 2, that such cottages were rented within two years before the alleged time of the commission of the offense, or the time prescribed in section 13-202, Oregon Code 1930, as the state is required to show.

■ Finding no violation of the statute as it reads, it is unnecessary to consider the question mentioned as to the constitutionality of the statute.

It seems that it would be worth the time and attention of the legislature, which is soon to convene, to enact the three statutes referred to, or such portions as are deemed expedient, in one, so that they will be workable.

■ The state having failed to show that the defendant violated the statute in question, the judgment of the trial court must be reversed and the action dismissed.

It is so ordered.

BELT and BAILEY, JJ., dissent.

LUSK, J., concurs in the result.